UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JIREH CONSULTING, INC., )
dba The Writing Company, and )
JERROLL M. SANDERS, )
 )
    Plaintiffs, )
 )
   vs. ) No. 4:04CV1649-DJS
 )
UNITED STATES OF AMERICA, )
 )
    Defendant. )

### ORDER

Remaining plaintiff Jerroll Sanders claims that she has suffered injury and damage due to various torts and criminal violations committed by Internal Revenue Service employees and other employees of the U.S. Department of the Treasury. Based on the certification of the Attorney General that the individually-named defendants were acting within the scope of their office or employment, and pursuant to 28 U.S.C. §2679(d), the action was removed to federal court and the United States was substituted as the sole party-defendant. Order of January 27, 2005 [Doc. #20]. The matter is now before the Court on the United States' motion to dismiss.

Pursuant to §2679(d), this action "shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto," that is,

brought under the Federal Tort Claims Act.  The government contends that the claims are subject to dismissal for plaintiff Sanders' failure to exhaust administrative remedies, as required by the Act.  The motion appears to be well-taken, particularly in view of plaintiff's failure to oppose the motion, and the dismissal will be granted.

The tort claims procedures to which this action is subject govern the extent to which the United States waives its sovereign immunity that would otherwise preclude its liability in tort.  Under §2401(b), "a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'" United States v. Kubrick, 444 U.S. 111, 113 (1979).  A second provision of the Act underscores this exhaustion requirement.  See §2675(a). Compliance with the administrative exhaustion requirement is a jurisdictional prerequisite to judicial proceedings on a tort claim against the United States. Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996).

The government's motion is supported by the declarations of the individuals within the Treasury and the IRS who would have received and reviewed any administrative claims pursued by plaintiff Sanders based on the allegations presented in her complaint.  Both declarations attest that no administrative claims were made by or on behalf of Jerroll M. Sanders, Jireh Consulting, Inc., or the Writing Company.  By failing to respond to the motion,

plaintiff has failed to dispute the assertion.  Because it appears that plaintiff has not satisfied the jurisdictional prerequisite of timely exhaustion of administrative remedies, her tort claims against the United States must be dismissed.

Plaintiff appealed the Court's order of January 27, 2005, as referred to above.  The Court of Appeals dismissed the appeal as premature.  In an attempt to make the Court's determinations appealable, plaintiff has filed a "Motion to Certify Questions for Appeal."  Because the Court's dismissal for failure to exhaust administrative remedies constitutes a final appealable judgment, plaintiff's motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' motion to dismiss [Doc. #28] is granted.

**IT IS FURTHER ORDERED** that plaintiff Jerroll Sanders' motion to certify questions for appeal [Doc. #33] is denied as moot in light of the final judgment entered herein this day.


Dated this ___16th___ day of June, 2005.


/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE